UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                              :

JOSE GERMAN CARCHI LOPEZ,              :

                              :

           Petitioner,          :            26 Civ. 5394 (JHR)

                              :

        -v-                 :              ORDER

                              :

KENNETH GENALO, et al.,              :

                              :

           Respondents.      :

                              :
------------------------------------------------------------------------X

JENNIFER H. REARDEN, United States District Judge:

On June 25, 2026, Petitioner Jose German Carchi Lopez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The parties shall appear for a case management conference on **July 2, 2026** at **3:45 p.m.** The conference will take place by telephone. The Court will provide dial-in information in a separate order prior to the conference.

Counsel should confer before the conference and file a joint letter, no later than **June 30, 2026**, stating whether the conference is necessary. In the letter, Respondents shall also address:

(1) Whether Petitioner was located in the Southern District of New York at the time that the Petition was filed, *see* ECF No. 1 ¶ 7 (alleging that "[v]enue is appropriate in this district as Petitioner is detained in Manhattan.");[1]

(2) Whether, if Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), there is any basis to distinguish this matter from *Barbosa Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Barbecho-Llivisaca* v. *Genalo*, No. 26 Civ. 3349 (JHR), 2026 WL 1345982 (S.D.N.Y. May 14, 2026); or *Cabrera Castro* v. *Francis*, 26 Civ. 1063 (JHR), 2026 WL 1345940 (S.D.N.Y. May 14, 2026); *see Allen v. Department of Homeland Security*, No. 26 Civ. 4142 (JHR), ECF No. 8 at 2 n.1; *Yan v. Almodovar*, 26 Civ. 2654 (JHR), ECF No. 21 at 1-2; and

(3) Whether Petitioner's arrest violated the injunction in *Afr. Communities Together v. Lyon*s, No. 25 Civ. 6366 (PKC), 2026 WL 1382944, at *8 (S.D.N.Y. May 18, 2026) (staying ICE's courthouse arrest policy at the immigration courts at 26 Federal Plaza,

---

[1] If Respondents believe that Petitioner was *not* in the Southern District of New York at the time the Petition was filed, then the parties should confer and state in the joint letter whether the Court should order immediate transfer to the District in which Petitioner was located at the time of filing. *See, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025).

201 Varick Street, and 290 Broadway in Manhattan).  *See* ECF No. 1 ¶¶ 10-11, 22 ("Petitioner was ordered to appear on June 25, 2026, at a 'special master hearing' in the immigration court located in Manhattan.  Petitioner complied and appeared at that hearing earlier today.  As that hearing concluded, ICE agents swarmed Petitioner and re-detained him."); *see also Pablo Sequen v. Albarran*, No. 25 Civ. 06487 (PCP), 2026 WL 1805114, at *41 (N.D. Cal. June 23, 2026) (vacating ICE's courthouse arrest policy pursuant to Section 706 of the Administrative Procedure Act).

If counsel do not believe that a conference is required, and that briefing is appropriate, then counsel should propose a briefing schedule in the joint letter.

All counsel are required to register promptly as filing users on ECF.  **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://nysd.uscourts.gov/hon-jennifer-h-rearden.**  Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

If this case has settled or otherwise been terminated, counsel are not required to file the aforementioned letter or appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether those previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**No later than 10:00 a.m. tomorrow, June 26, 2026, Petitioner's counsel shall (1) serve Respondents with a copy of the Petition and accompanying papers, along with a copy of this Order, by e-mail to the United States Attorney's Office for the Southern District of New York at Jeffrey.Oestericher@usdoj.gov and (2) promptly file proof of such service on the docket.**  Counsel for Respondents shall promptly enter notices of appearance.

SO ORDERED.

Dated: June 25, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge