

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 30, 2026

**By ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

<div style="border:1px solid blue">

**MEMO ENDORSED**
**(page 3)**

</div>

Re:    *Carchi Lopez v. Genalo, et al.*, No. 26 Civ. 5394 (JHR)

Dear Judge Rearden:

This Office represents respondents (the "Government") in the above-referenced immigration habeas corpus action. I write on behalf of the parties, in accordance with the Court's June 25, 2026, Order, ECF No. 5, to respectfully request that the case management conference scheduled for July 2, 2026, be adjourned and that the Court enter the below briefing schedule on the habeas petition:

- Respondents' opposition brief: July 7, 2026
- Petitioner's reply: July 10, 2026[1]

The Government also writes separately, in accordance with the June 25 Order, to address the Court's questions directed at the Government.

For background purposes, on November 3, 2023, petitioner, a native and citizen of Ecuador, unlawfully entered the United States without inspection near Lukeville, Arizona. Petitioner was encountered by U.S. Customs and Border Protection ("CBP") the following day. CBP determined that petitioner had illegally entered the United States, served him with a Notice to Appear, and released him from custody on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226(a).

As to venue, on June 25, 2026, petitioner filed this habeas petition while he was located at 26 Federal Plaza in Manhattan. Thus, venue is proper in the Southern District of New York.[2]

---

[1] Petitioner may also exercise his right to amend the petition on or about July 3, 2026.

[2] Earlier today, petitioner filed a letter with the Court requesting that this case be related to *African Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC). *See* ECF No. 7. The Government takes no position on petitioner's request.

As to the relevant detention authority, the Government views petitioner's detention as being governed by 8 U.S.C. § 1226, and more specifically, 8 U.S.C. § 1226(a).[3] Consistent with this assessment, on June 25, 2026, ICE issued a notice of custody determination (Form I-286) for petitioner, determining that he will remain in custody pending his removal proceedings.

Finally, as to ICE's arrest of petitioner on June 25, 2026, the Government respectfully requests that it be permitted to supplement this letter response by Thursday, July 2, as the Government is continuing to gather information about recent immigration courthouse arrests, including the arrest of petitioner here, to ensure that those arrests are consistent with the injunction that Judge Castel issued in *African Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC), --- F. Supp. 3d ----, 2026 WL 1382944 (S.D.N.Y. May 18, 2026), which effectively reinstated a memo on Civil Immigration Enforcement Actions in or near Courthouses, that was issued by the U.S. Department of Homeland Security on April 27, 2021.

I thank the Court for its consideration of this submission.

<div style="margin-left:50%">

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    s/ *Jessica F. Rosenbaum*
JESSICA F. ROSENBAUM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2777
E-mail: jessica.rosenbaum@usdoj.gov
*Attorney for Respondents*

</div>

cc: Counsel of Record (via ECF)

---

[3] The Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F. 4th 61 (2d Cir. 2026), principally addressed the detention authority for an alien who had illegally entered the United States, evaded apprehension at the border, and was later encountered and apprehended in the interior. In its decision, the Second Circuit expressly preserved Section 1225(b)(2)(A)'s application to "those noncitizens who present themselves at a port of entry for admission, *or who cross the physical border into the United States but are apprehended at the 'threshold of initial entry.'*" 175 F.4th at 75 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107, 140 (2020)) (emphasis added).The court further cited *Leng May Ma v. Barber*, 357 U.S. 185, 189 (1958), for the proposition that paroled aliens are treated "as if stopped at the boundary line." *Id.* (cleaned up). Here, while petitioner was encountered at the threshold of initial entry, CBP released petitioner pursuant to 8 U.S.C. § 1226(a) on an Order of Release on Recognizance, not parole under 8 U.S.C. § 1182(d)(5)(A). Given this, the Government acknowledges that *Barbosa da Cunha*, which is controlling in the Second Circuit, likely counsels treating petitioner as subject to 8 U.S.C. § 1226.

Application GRANTED.  The conference scheduled for July 2, 2026 is adjourned *sine die*. Petitioner may exercise his right to amend the petition by **July 3, 2026**.  Respondents' opposition brief shall be filed by **July 7, 2026**, and Petitioner's reply, if any, shall be filed by **July 10, 2026**.

By **July 2, 2026**, Respondents shall supplement their response regarding whether ICE's arrest of Petitioner on June 25, 2026 was consistent with the injunction issued in *Afr. Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC), 2026 WL 1382944, at *8 (S.D.N.Y. May 18, 2026).

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: July 1, 2026