UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE GERMAN CARCHI LOPEZ,
Petitioner,

-v.-

KENNETH GENALO et al.,
Respondents.

26 Civ. 5394 (JHR)

OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court is Petitioner Jose German Carchi Lopez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 11 (Am. Pet.). Petitioner seeks immediate and unconditional release from custody. *Id.* at 1, 13-14. For the following reasons, the Petition is granted in part. Respondents are directed to cause a bond hearing for Petitioner to be conducted before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) by **October 6, 2026**.

## I. BACKGROUND

The facts that are essential to the Court's holding are undisputed. Petitioner unlawfully entered the United States without inspection near Lukeville, Arizona on November 3, 2023 and was encountered by U.S. Border Patrol on November 4, 2023. ECF No. 14 (Menzel Decl.) ¶ 4; Am. Pet. ¶ 9. Also on November 4, 2023, U.S. Customs and Border Protection ("CBP") served Petitioner with a Notice to Appear and released him on an Order of Release on Recognizance pursuant to section 236 of the Immigration and Nationality Act. Menzel Decl. ¶ 5; ECF No. 12-1 (Notice to Appear); ECF No. 12-2 (Order of Release). On July 3, 2024, Petitioner filed applications for relief from removal with the immigration court. Menzel Decl. ¶ 9; Am. Pet. ¶ 10. On September 25, 2026, the immigration court denied Petitioner's application and ordered his removal. ECF No. 21. Petitioner has "since filed a timely administrative appeal with the Board of Immigration Appeals." *Id.* In light of the pendency of that appeal, "the removal order

is not yet administratively final," and the issues before this Court remain live. *Id.*; *see* 8 U.S.C. § 1231(a)(1)(B).

On April 26, 2025, Petitioner was arrested by the New York City Police Department and charged with "(i) third-degree assault (with intent to cause physical injury), in violation of New York Penal Law § 120.00(1), and (ii) criminal obstruction of breathing or blood circulation, in violation of New York Penal Law § 121.11." Menzel Decl. ¶ 13; ECF No. 12-3 (RAP Sheet) at 3. On July 8, 2025, Petitioner "pled guilty to disorderly conduct in violation of New York Penal Law § 240.20 and was conditionally discharged with an order of protection." Menzel Decl. ¶ 13; RAP Sheet at 4; ECF No. 11-1 (Certificate of Disposition); ECF No. 15 (Reply) at 1.[1]

On May 18, 2026, in a separate, unrelated case in this District,[2] the Honorable P. Kevin Castel held that ICE's "January 2025 rescission" of its April 2021 "policy on civil enforcement actions in or near courthouses" (the "April 2021 Policy") was "arbitrary and capricious." *Afr.*

---

[1] In their opposition, Respondents asserted erroneously, and subsequently corrected, that Petitioner was subject to a bench warrant for a second-degree assault charge under New York Penal Law § 120.05. ECF No. 13 (Opp.) at 3; Menzel Decl. ¶ 14. Although Petitioner's RAP Sheet lists a January 13, 2026 bench warrant for second-degree assault, it is clear that the bench warrant relates to a different individual with a different name ("Jose Lopez Perez") and not to Petitioner. RAP Sheet at 5-6; *see also* Reply at 1-2; ECF No. 15-1 (Ex. A) (Letter from Sarah Venzules regarding Petitioner's RAP sheet). According to Respondents, Immigration and Customs Enforcement ("ICE") "determined that petitioner posed a threat to public safety based on his April 25, 2025 arrest for third-degree assault and criminal obstruction of breathing or blood circulation, as well as his July 8, 2025, conviction for disorderly conduct." ECF No. 16 (July 13, 2026 Letter) (citing Menzel Decl. ¶ 15). Moreover, "ICE has never stated that it relied on the RAP sheet's reference to a bench warrant as a basis for any action taken in this matter." *Id.*

[2] On June 30, 2026, Petitioner requested that this case be deemed related to *Afr. Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC) (S.D.N.Y. 2026). ECF No. 7. But *Afr. Communities Together* involves an Administrative Procedure Act challenge to interim and final guidance by the Acting Directors of ICE regarding civil immigration enforcement action at immigration courthouses. This Petition, in contrast, challenges the legality of Petitioner's arrest, which was effected pursuant to the reinstated April 2021 Policy, *see infra* p. 5-7, and his subsequent detention under section 1226(a). Accordingly, the request to treat this case as related to *Afr. Communities Together* is denied.

*Communities Together v. Lyons*, 833 F. Supp. 3d 348, 357-58 (S.D.N.Y. 2026). Judge Castel stayed implementation of that rescission as to "immigration courthouses in the three locations in Manhattan"—26 Federal Plaza, 201 Varick Street, and 290 Broadway—and reinstated the April 2021 Policy, *id.* at 360, which provides, in relevant part:

> In the absence of hot pursuit, a civil immigration enforcement action [] may be taken in or near a courthouse against an individual who poses a threat to public safety if: (1) it is necessary to take the action in or near the courthouse because a safe alternative location for such action does not exist or [it] would be too difficult to achieve the enforcement action at such a location, and (2) the action has been approved in advance by a Field Office Director, Special Agent in Charge, Chief Patrol Agent, or Port Director.

ECF No. 11-2 (Civil Immigration Enforcement Actions in or near Courthouses (Apr. 27, 2021)).

Deportation Officer Michaela Menzel has declared that, on June 24, 2026, ICE determined that Petitioner "posed a threat to public safety because of his April 26, 2025, arrest for third-degree assault and criminal obstruction of breathing or blood circulation, as well as his July 8, 2025, conviction for disorderly conduct," and that it "was necessary to carry out Petitioner's arrest in an immigration courthouse because there was no [other] safe location." Menzel Decl. ¶¶ 15-16; July 2, 2026 Letter (stating that "at-large arrests that potentially trigger intervention by agitators and bystanders make alternative locations in New York unsafe"). She has also declared that, "[a]t 6:06 a.m. on June 25, 2026, the Field Office Director of ICE's New York City Field Office approved of Petitioner's arrest," and that "ICE's Enforcement and Removal Operations ('ERO') then revoked the Order of Release on Recognizance that was issued on November 4, 2023." *Id.* ¶¶ 17-18; Order of Release (cancelled by Immigration Officer on June 25, 2026).

Petitioner appeared for a hearing in his immigration case on June 25, 2026. Am. Pet. ¶ 11. At 11:48 a.m. that day, following the hearing, ICE agents arrested Petitioner "pursuant to a Warrant for Arrest of Alien (Form I-200)." Menzel Decl. ¶ 19; ECF No. 12-4 (Warrant for

Arrest of Alien). ERO then "conducted an individualized custody review . . . pursuant to 8 U.S.C. § 1226(a)" and "concluded that based on Petitioner's criminal history, he had violated the terms and conditions of his release and presented a danger to society." Menzel Decl. ¶ 20; ECF No. 12-5 (Notice of Custody Determination). Petitioner "refused to sign" the Notice of Custody Determination and "request[ed] an immigration judge review [that] custody determination." Notice of Custody Determination; *see* Opp. at 11 n.5 (noting that Petitioner has not "submitt[ed] a scheduling request to the immigration court").

That same day, while detained at 26 Federal Plaza, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. On June 26, 2026, the Court ordered the parties to appear for a case management conference on July 2, 2026 and to file a joint letter, by no later than June 30, 2026, stating whether the conference was necessary. ECF No. 5. On June 30, 2026, the parties filed a letter "request[ing] that the case management conference scheduled for July 2, 2026, be adjourned and that the Court enter [a] briefing schedule on the habeas petition," pursuant to which Petitioner's amended petition would be due on July 3, 2026, Respondents' opposition would be due on July 7, 2026, and Petitioner's reply would be due on July 10, 2026. ECF No. 8. The Court granted the parties' request to adjourn the conference, adopted the proposed briefing schedule, and directed Respondents to "supplement their response regarding whether ICE's arrest of Petitioner on June 25, 2026 was consistent with the injunction issued in *Afr. Communities Together v. Lyons*." ECF No. 9.

On July 2, 2026, Respondents filed the requisite letter regarding Petitioner's June 25, 2026 arrest. ECF No. 10 (July 2, 2026 Letter). Petitioner filed an amended petition on July 3, 2026. Am. Pet. Respondents filed their opposition, including the Declaration of Deportation Officer Menzel and corresponding exhibits, on July 7, 2026. ECF No. 13 (Opp.); Menzel Decl;

ECF No. 12 (Exhibits). Petitioner replied on July 10, 2026. Reply.[3] On July 13, 2026, Respondents filed a letter addressing Petitioner's criminal history. July 13, 2026 Letter.

## II. DISCUSSION

### A. Petitioner's Arrest

Petitioner challenges his June 25, 2026 arrest as in violation of the injunction in *Afr. Communities Together v. Lyons* and the April 2021 Policy for immigration courthouse arrests. Am. Pet. ¶ 38. Specifically, Petitioner argues that he "does not pose either a public safety or a national security risk nor is there any plausible basis to contend that he does," and that "Respondents did not comply with the procedures required to detain people at immigration courthouses . . . , including determining that no safe alternative location was available and obtaining advance approval from a Field Office Director, Special Agent in Charge, Chief Patrol Agent, or Port Director." *Id.* ¶¶ 39-40. Respondents counter that "[t]he basis for ICE's recent detention of [P]etitioner was his criminal history" and that ICE complied with the April 2021 Policy in effecting Petitioner's arrest. Opp. at 15-16.

---

[3] Other than the Venzules letter attached to the Declaration of Harold D. Solis, ECF No. 15-1 (Ex. A), which addresses the erroneous reference on Petitioner's RAP sheet to an outstanding bench warrant, *see supra* n.1, Petitioner has not adduced any factual affidavit or declaration that "satisf[ies] his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) (reversing and remanding habeas proceeding where district court had placed burden of proof on the Government and petitioner had failed to sustain his burden); *cf. Petrucelli v. United States*, No. 02 CR 099 (TPG), 2009 WL 4858081 (S.D.N.Y. Dec. 15, 2009) ("To warrant an evidentiary hearing [on a section 2255 petition], a habeas petitioner must raise detailed and controverted issues of fact *supported by competent evidence*, which, if proved, entitle him to relief." (emphasis added)). "Having reviewed the Petition, the materials filed in support thereof, and the Government's response, the Court f[ound] that the Petition 'present[ed] only issues of law,' and it [could], therefore, be adjudicated without a hearing." *Perez Velasquez v. Noem*, No. 25 Civ. 10338 (AT), 2025 WL 3707526, at *1 n.1 (S.D.N.Y. Dec. 22, 2025) (quoting 28 U.S.C. § 2243); *see also* 28 U.S.C. § 2243 (directing courts to dispose of habeas petitions expeditiously, "as law and justice require").

As previously explained, the April 2021 Policy authorizes ICE to take "civil immigration enforcement action . . . in or near a courthouse" (1) "against an individual who poses a threat to public safety," (2) when it determines that "it is necessary to take the action in or near the courthouse because a safe alternative location for such action does not exist or [it] would be too difficult to achieve the enforcement action at such a location," and (3) when "the action has been approved in advance by a Field Office Director, Special Agent in Charge, Chief Patrol Agent, or Port Director." Civil Immigration Enforcement Actions in or near Courthouses (Apr. 27, 2021).

With respect to the first requirement, Deportation Officer Menzel has declared that, on June 24, 2026, ICE determined that Petitioner "posed a threat to public safety because of his April 26, 2025, arrest for third-degree assault and criminal obstruction of breathing or blood circulation, as well as his July 8, 2025, conviction for disorderly conduct." Menzel Decl. ¶ 15; *see also* RAP Sheet. Petitioner asserts that his "non-criminal disorderly conduct violation" falls short of demonstrating that he posed a threat to public safety. *Id.* at 6-7. To the extent that Petitioner challenges ICE's determination that he posed a threat to public safety, the Court declines to interfere with the exercise of ICE's discretion. *Cf.* 8 U.S.C. § 1226(e) (ICE's "discretionary judgment regarding the application of [] section [1226] shall not be subject to review"); *Fontanelli as Next Friend of Bernal Garcia v. Francis*, No. 25 Civ. 7715 (JLR), 2025 WL 2773234, at *4, *6 (S.D.N.Y. Sept. 29, 2025) (noting that "[a] district court has no authority to review ICE's discretionary determinations made under [section 1226] or otherwise question their propriety" and declining to reach Petitioner's argument that "a single charge alone . . . does not justify detention"); *Contreras v. United States*, 672 F.2d 307, 308-09 (2d Cir. 1982) ("[A]n (INS) officer's determination [pursuant to section 1357(a)(2)] will not be upset if there is any reasonable basis for it." (quoting *Marquez v. Kiley*, 436 F. Supp. 100, 108 (S.D.N.Y. 1977)).

As for the second requirement, Petitioner asserts that Respondents failed to establish that it was "necessary to take the action in or near the courthouse," Civil Immigration Enforcement Actions in or near Courthouses (Apr. 27, 2021), because Respondents "offer[ed] nothing to show other locations were even contemplated," Reply at 5. Deportation Officer Menzel has declared, however, that ICE determined it was "necessary to carry out Petitioner's arrest in an immigration courthouse because there was no [other] safe location," Menzel Decl. ¶ 16, given that "at-large arrests that potentially trigger intervention by agitators and bystanders make alternative locations in New York unsafe," July 2, 2026 Letter.

The third requirement under the April 2021 Policy is also met. On June 25, 2026 at 6:06 a.m., "the Field Office Director of ICE's New York City Field Office approved of Petitioner's arrest," and ERO "then revoked the Order of Release on Recognizance that was issued on November 4, 2023." *Id.* ¶¶ 17-18; Order of Release (cancelled by Immigration Officer on June 25, 2026); Warrant for Arrest of Alien (warrant for Petitioner's arrest dated June 24, 2026).

In view of the foregoing, the Court concludes that Petitioner's arrest satisfied the three requirements of the April 2021 Policy.

**B. Petitioner's Detention**

In opposing the Petition, Respondents have stated that the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), "likely counsels treating [P]etitioner as subject to 8 U.S.C. § 1226." ECF No. 8; Menzel Decl. ¶ 22 (noting that Petitioner is "presently detained pursuant to 8 U.S.C. § 1226(a)"); Opp. at 4 n.1. Petitioner challenges his detention under section 1226(a), arguing that CBP determined that he did "not [] pose [a] danger or flight risk when he was released from custody in 2023"; that "[t]here is no reason to now conclude Petitioner poses a danger or flight risk"; and that "ICE did not accord Petitioner any

notice or an opportunity to be heard as to whether a change in custody status was warranted before depriving him of his liberty." Am. Pet. ¶ 26.

Section 1226(a) provides that, for a noncitizen who is "arrested and detained" "[o]n a warrant issued by the Attorney General," the Attorney General (1) "may continue to detain" the arrested noncitizen, (2) "may release" the noncitizen on "bond," or (3) "may release" the noncitizen on "conditional parole." 8 U.S.C. § 1226(a)(1)-(2). Pursuant to federal regulations, noncitizens detained "under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Accordingly, the Court directs Respondents to provide Petitioner with "a bond hearing before an Immigration Judge pursuant to [] § 1226(a)." *Sun v. Almodovar*, No. 25 Civ. 9262 (PKC), 2025 WL 3241268, at *2-3 (S.D.N.Y. Nov. 20, 2025) (ordering bond hearing where petitioner was detained under section 1226(a)); *see, e.g.*, *Da Cunha v. Freden*, No. 25 Civ. 6532 (MAV), 2025 WL 3280575, at *7 (W.D.N.Y. Nov. 25, 2025) (same), *aff'd*, 175 F.4th 61 (2d Cir. 2026). Where, as here, ICE failed to "provide [] a bond hearing at the outset of [] detention" but "exercised its discretion" in detaining a noncitizen, a bond hearing—not release—is the appropriate remedy. *Rivas Reyes v. Mullin*, No. 26 Civ. 4334 (PAE), 2026 WL 1707170, at *3-4 (S.D.N.Y. June 12, 2026) (ordering bond hearing instead of release where ICE detained petitioner "based on his 2023 criminal conviction for assault" but did not "provide [petitioner] a bond hearing at the outset of his detention"); *see, e.g.*, *Jimenez v. Joyce*, No. 26 Civ. 429 (AS), 2026 WL 251889, at *1 (S.D.N.Y. Jan. 30, 2026) (ordering "an individualized hearing before an Immigration Judge"); *see also E.A.C.F. v. Arteta*, No. 26 Civ. 3047 (MMG), 2026 WL 1213414, at *3 (S.D.N.Y. May 4, 2026) (similar); *Perez Guedez v. Catletti*, No. 26 Civ. 2463 (JLR), 2026 WL 962575, at *2 (S.D.N.Y. Apr. 9, 2026) (similar).

## III. CONCLUSION

For the reasons stated above, the Petition is granted in part. Respondents are ORDERED to cause an individualized bond hearing for Petitioner to be conducted before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) by **October 6, 2026.** *See, e.g.*, *Sun*, 2025 WL 3241268, at *3 (ordering bond hearing within six days); *Jimenez*, 2026 WL 251889, at *2 (ordering bond hearing within seven days); *cf. Xiaoquan Chen v. Almodovar*, No. 25-3169, ECF No. 49.1 (2d Cir. May 6, 2026) (ordering, after petitioner had been detained for approximately seven months, *see Chen v. Almodovar*, 815 F. Supp. 3d 314, 317 (S.D.N.Y. 2025), "that Petitioner be released . . . pending disposition of his appeal").

If the Immigration Judge orders Petitioner's release, Respondents are directed to (i) inform Petitioner as to the expected time and place of Petitioner's release, (ii) immediately transport Petitioner back to the Southern District of New York, and (iii) immediately upon effectuating his transfer, release him from custody.

Respondents are further directed to file a letter updating the Court on the status of this matter, including the date of Petitioner's bond hearing, by **October 2, 2026**.

SO ORDERED.

Dated: September 28, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge